JULIUS MAUTNER, Respondent, v. CHARLES EITINGON, Individually and as a Surviving Copartner of W. EITINGON & Co., Defendant, Impleaded with MOTTY EITINGON, Appellant.    (Action No. 1.)

First Department, July 1, 1921.

Contracts — contract to share losses in winding up corporation which parties owned is not indefinite — complaint in action to recover for losses not stating cause of action.

The contract between the parties to this action in reference to the winding up of a corporation in which they held the same number of shares of stock, which was as follows: " We hereby agree to share the losses, whatever they may be, out of the winding up of the F. G. Wright Fur Co. equally," was not so indefinite and uncertain that its meaning could not be understood, for it is evident that the writing did not set forth the entire engagement of the parties, and furthermore the parties acted under it and it has been fully executed except as to the sharing of losses.

The complaint herein which alleged merely that the affairs of the corporation were wound up and settled and that the plaintiff's copartnership suffered a loss of which the sum demanded in the complaint was one-half, was insufficient since the agreement was not that the defendants would pay one-half the losses suffered by the plaintiff, but that they would share equally the losses arising out of the liquidation.

SMITH, J., dissents.

APPEAL by the defendant, Motty Eitingon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of March, 1921, overruling said defendant's demurrer to the complaint.

*John Schulman* of counsel [*Hays & Wadhams*, attorneys], for the appellant.

*Bertram Sommer*, for the respondent.

PAGE, J.:

The complaint alleges that the defendants, together with one Waldemar Eitingon, now deceased, were copartners, and that the plaintiff and one Ahlswede were also copartners; and that in October, 1914, the plaintiff's and defendants' copartnerships were holders of stock in equal amounts in a corporation known as the F. G. Wright Fur Company.    This

corporation was indebted to the plaintiff's copartnership in the sum of $59,000, payment of which was demanded. As the corporation was unable to pay, Ahlswede, the plaintiff and defendants entered into an agreement wherein the plaintiff and Ahlswede agreed to forbear from suit on the indebtedness, and it was agreed that the affairs of the said corporation should be wound up and that any loss incurred in the winding up of the affairs of said corporation would be shared equally by the two copartnerships. The only memorandum of said agreement that was reduced to writing was the following:

" *October* 8, 1914.

" We hereby agree to share the losses, whatever they may be, out of the winding up of the F. G. Wright Fur Co. equally.

" W. EITINGON & CO.
" MAUTNER & AHLSWEDE."

The complaint further alleges that the plaintiff's copartnership forbore from suit; that the affairs of the corporation were wound up and settled; that the plaintiff's copartnership suffered a loss of $13,913.90, of which sum it demanded one-half, or $6,956.95, of the defendants; that payment thereof was refused; and that the plaintiff has duly performed all the terms and conditions of the agreement on his part to be performed.

The defendant's demurrer on the ground of insufficiency was overruled. The first point of the appellant is that the contract was indefinite. He treats the written memorandum as the entire contract, whereas it is evident that the writing did not set forth the entire engagement of the parties. The contract was partly oral and partly written, as stated in the complaint. The contract was not so indefinite and uncertain that its meaning could not be understood, for the parties acted under it and it is fully executed except as to the sharing of losses.

But in my opinion the complaint is insufficient. The engagement was not that the defendants would pay one-half of the loss suffered by the plaintiff, but that they would share equally the losses arising out of the liquidation of the corporation. If the plaintiff wound up the affairs of the corporation and paid the debts and thus bore the entire loss

of the corporation, then he would have a right to demand one-half thereof from the defendants. The complaint lacks such allegation. While it may be that the plaintiff suffered a loss, the defendants also may have suffered a loss by the winding up of the corporation.

The order should be reversed, with ten dollars costs, and the demurrer sustained, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days of the service of a copy of the order entered herein with notice of entry thereof, upon payment of the costs hereby imposed.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; SMITH, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and demurrer sustained, with leave to plaintiff to serve amended complaint on payment of said costs.